ANJANI MANDAVIA (State Bar No. 94092)
*amandavia@mandaviallp.com*
DAVID L. BURG (State Bar No. 130403)
*dburg@mandaviallp.com*
MANDAVIA EPHRAIM AND BURG, LLP
1801 Century Park East Suite 2400
Los Angeles, California 90067
Tel.: (310) 556-9694
Fax: (310) 492-9868

Attorneys for Defendant Warner Bros.
Entertainment Inc.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.I. GAMES SE, a Polish public limited company,<br><br>Plaintiff,<br><br>v.<br><br>WARNER BROS. ENTERTAINMENT INC., a Delaware corporation, and DOES 1- 10 inclusive,<br><br>Defendants. | Case No.: 2:23-cv-03868-FMO-AS<br><br>District Judge: Hon. Fernando M. Olguin.<br><br>**ANSWER OF DEFENDANT WARNER BROS. ENTERTAINMENT INC.**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: May 19, 2023<br>Trial Date: Not Set |

Defendant Warner Bros. Entertainment Inc. ("WBEI"), by and through its undersigned counsel, hereby answers the First Amended Complaint (ECF No. 8, the "FAC") of Plaintiff C.I. Games, SE ("CIG") as follows:

## RESPONSE TO THE PARTIES

1.      WBEI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies the same.

2.      WBEI admits that it is a Delaware corporation, that its principal place of business lies within the jurisdiction of this Court and that, along with its affiliated entities, it is engaged in the entertainment business.  WBEI denies the remaining allegations in Paragraph 2.

3.      WBEI lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 3, and therefore denies the same.

**RESPONSE TO VENUE AND JURISDICTION**

4.      WBEI admits the allegations in Paragraph 4 of the FAC regarding the Court's subject matter jurisdiction over the claims asserted in this action but denies that the claims have any merit or validity.

5.      WBEI admits the allegation in Paragraph 5 that the Court has personal jurisdiction over it and that WBEI "conducts business in the State of California and within this district." WBEI denies the remaining allegations in Paragraph 5 and avers that CIG's claims are not supported by law or fact.

6.      WBEI admits the allegations in Paragraph 6.

7.      WBEI admits that the letter that appears at Exhibit 3 to the FAC, and the correspondence that appears at Exhibit 1 to the FAC, were sent on behalf of itself and New Line Productions, Inc. ("NLP"), avers that the documents speak for themselves, and otherwise denies the allegations in Paragraph 7.

**RESPONSE TO GENERAL ALLEGATIONS**

**I.      RESPONSE TO CIG'S TITLE "LORDS OF THE FALLEN"**

8.      WBEI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies the same.

9.      WBEI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies the same.

10.      WBEI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies the same.

11.    WBEI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies the same.

12.    WBEI avers that the records of the United States Patent and Trademark Office ("USPTO") speak for themselves and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies the same.

13.    WBEI avers that the records of the USPTO speak for themselves and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies the same.

14.    WBEI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies the same.

15.    WBEI avers that the records of the USPTO speak for themselves and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies the same.

## II.    RESPONSE TO THE PRESENT DISPUTE

16.    WBEI admits that Mr. Rashid sent the letter dated December 6, 2022 that appears at Exhibit 3 to the FAC (the "December 6 Letter"), avers that the content of this letter speaks for itself, and otherwise denies the allegations in Paragraph 16.

17.    WBEI avers that the content of the December 6 Letter speaks for itself and otherwise denies the allegations in Paragraph 17.

18.    WBEI avers that the content of the December 6 Letter speaks for itself and otherwise denies the allegations in Paragraph 18.

19.    WBEI admits that the quotations in Paragraph 19 appear in the March 15, 2023 email from outside counsel for WBEI and NLP included in Exhibit 1 to the FAC (the "March 15 Email"), avers that the content of the March 15 Email speaks for itself, and otherwise denies the allegations in Paragraph 19.

20.     WBEI lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, except specifically denies the allegation that "CIG was diligent in its compliance efforts in line with the express demands of WBE."

21.     WBEI denies the allegations in Paragraph 21.

22.     WBEI admits that Ms. Wang, attorney for WBEI and NLP, sent the March 15 Email referenced in Paragraph 22, avers that that the content of this email speaks for itself, and otherwise denies the allegations in Paragraph 22.

23.     WBEI denies the allegations in Paragraph 23.

24.     WBEI denies the allegations in Paragraph 24.

25.     WBEI avers that the records of the USPTO speak for themselves, and otherwise denies the allegations in Paragraph 25.

<b><u>RESPONSE TO FIRST CLAIM FOR RELIEF</u></b>

<b>Invalidity of Copyright, 17 U.S.C. § 101 <i>et seq.</i></b>

26.     WBEI repeats and re-alleges the above responses to Paragraphs 1 through 25 of the FAC, as if set forth fully herein.

27.     WBEI admits that this action has been filed pursuant to the Declaratory Judgment Act, admits that CIG seeks relief from this Court, and otherwise denies the allegations in Paragraph 27, including without limitation that CIG is entitled to any relief from this Court.

28.     WBEI avers that the allegations in Paragraph 28 constitute conclusions of law as to which no response is required and otherwise denies the allegations in this paragraph and denies that CIG is entitled to the relief requested.

<b><u>RESPONSE TO SECOND CLAIM FOR RELIEF</u></b>

<b>Invalidity of Copyright, 17 U.S.C. § 101 <i>et seq.</i></b>

29.     WBEI repeats and re-alleges the above responses to Paragraphs 1 through 28 of the FAC, as if set forth fully herein.

30.     WBEI admits that this action has been filed pursuant to the Declaratory Judgment Act, admits that CIG seeks relief from this Court, and otherwise denies the allegations in Paragraph 30, including without limitation that CIG is entitled to any relief from this Court.

31.     WBEI avers that the allegations in Paragraph 31 constitute conclusions of law as to which no response is required and otherwise denies the allegations in this paragraph and denies that CIG is entitled to the relief requested.

## RESPONSE TO THIRD CLAIM FOR RELIEF

### Unenforceability of Trademark – Word Mark, 15 U.S.C. § 1051 *et seq.*

32.     WBEI repeats and re-alleges the above responses to Paragraphs 1 through 31 of the FAC, as if set forth fully herein.

33.     WBEI admits that this action has been filed pursuant to the Declaratory Judgment Act, admits that CIG seeks relief from this Court, and otherwise denies the allegations in Paragraph 33, including without limitation that CIG is entitled to any relief from this Court.

34.     WBEI avers that the allegations in Paragraph 34 constitute conclusions of law as to which no response is required and otherwise denies the allegations in this paragraph and denies that CIG is entitled to the relief requested.

## RESPONSE TO FOURTH CLAIM FOR RELIEF

### Unenforceability of Trademark, 15 U.S.C. § 1051 *et seq.*

35.     WBEI repeats and re-alleges the above responses to Paragraphs 1 through 34 of the FAC, as if set forth fully herein.

36.     WBEI admits that this action has been filed pursuant to the Declaratory Judgment Act, admits that CIG seeks relief from this Court, and otherwise denies the allegations in Paragraph 36, including without limitation that CIG is entitled to any relief from this Court.

37.     WBEI avers that the allegations in Paragraph 37 constitute conclusions of law as to which no response is required and otherwise denies the allegations in this paragraph and denies that CIG is entitled to the relief requested.

## RESPONSE TO FIFTH CLAIM FOR RELIEF

**Declaratory Judgment of Non-infringement of Copyrights,**

**17 U.S.C. § 101 et seq.**

38.     WBEI repeats and re-alleges the above responses to Paragraphs 1 through 37 of the FAC, as if set forth fully herein.

39.     WBEI admits that this action has been filed pursuant to the Declaratory Judgment Act, admits that CIG seeks relief from this Court, and otherwise denies the allegations in Paragraph 39, including without limitation that CIG is entitled to any relief from this Court.

40.     WBEI denies the allegations in Paragraph 40.

41.     WBEI denies the allegations in Paragraph 41.

42.     WBEI denies the allegations in Paragraph 42.

43.     WBEI avers that the allegations in Paragraph 43 constitute conclusions of law as to which no response is required and otherwise denies the allegations in this paragraph and denies that CIG is entitled to the relief requested.

## RESPONSE TO SIXTH CLAIM FOR RELIEF

**Declaratory Judgment of Non-infringement of Copyrights,**

**17 U.S.C. § 101 *et seq.***

44.     WBEI repeats and re-alleges the above responses to Paragraphs 1 through 43 of the FAC, as if set forth fully herein.

45.     WBEI admits that this action has been filed pursuant to the Declaratory Judgment Act, admits that CIG seeks relief from this Court, and otherwise denies the allegations in Paragraph 45, including without limitation that CIG is entitled to any relief from this Court.

46.     WBEI denies the allegations in Paragraph 46.

47.    WBEI denies the allegations in Paragraph 47.

48.    WBEI avers that the allegations in Paragraph 48 constitute conclusions of law as to which no response is required and otherwise denies the allegations in this paragraph and denies that CIG is entitled to the relief requested.

### RESPONSE TO SEVENTH CLAIM FOR RELIEF

### Declaratory Judgment of Non-infringement of Trademarks, Word Mark

### 15 U.S.C. § 1051 et seq.

49.    WBEI repeats and re-alleges the above responses to Paragraphs 1 through 48 of the FAC, as if set forth fully herein.

50.    WBEI admits that this action has been filed pursuant to the Declaratory Judgment Act, admits that CIG seeks relief from this Court, and otherwise denies the allegations in Paragraph 50, including without limitation that CIG is entitled to any relief from this Court.

51.    WBEI denies the allegations in Paragraph 51.

52.    WBEI denies the allegations in Paragraph 52.

53.    WBEI avers that the allegations in Paragraph 53 constitute conclusions of law as to which no response is required and otherwise denies the allegations in this paragraph and denies that CIG is entitled to the relief requested.

54.    WBEI avers that the allegations in Paragraph 54 constitute conclusions of law as to which no response is required and otherwise denies the allegations in this paragraph and denies that CIG is entitled to the relief requested.

### RESPONSE TO EIGHTH CLAIM FOR RELIEF

### Declaratory Judgment of Non-infringement of Trademarks

### 15 U.S.C. § 1051 et seq.

55.    WBEI repeats and re-alleges the above responses to Paragraphs 1 through 54 of the FAC, as if set forth fully herein.

56.    WBEI admits that this action has been filed pursuant to the Declaratory Judgment Act, admits that CIG seeks relief from this Court, and otherwise denies

the allegations in Paragraph 56, including without limitation that CIG is entitled to any relief from this Court.

57. WBEI denies the allegations in Paragraph 57.

58. WBEI denies the allegations in Paragraph 58.

59. WBEI avers that the allegations in Paragraph 59 constitute conclusions of law as to which no response is required and otherwise denies the allegations in this paragraph and denies that CIG is entitled to the relief requested.

60. WBEI avers that the allegations in Paragraph 60 constitute conclusions of law as to which no response is required and otherwise denies the allegations in this paragraph and denies that CIG is entitled to the relief requested.

## RESPONSE TO PRAYER FOR RELIEF

CIG's prayer for relief does not require a response, but to the extent any answer is required, WBEI denies that CIG is entitled to the requested relief or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

As and for further, separate, and affirmative defenses, WBEI alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### Failure to State a Cause of Action

62. The FAC, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action against WBEI.

## SECOND AFFIRMATIVE DEFENSE

### Failure to Join Indispensable Parties

63. The FAC, and each cause of action contained therein, is subject to dismissal for failure to join indispensable parties.

## THIRD AFFIRMATIVE DEFENSE

### Unclean Hands

64.     WBEI is informed and believes, and on that basis alleges, that CIG is barred from the relief sought in the FAC as a result of its unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### Estoppel

65.     WBEI is informed and believes, and on that basis alleges, that CIG is barred from the relief sought in the FAC by the doctrine of estoppel.

WHEREFORE, WBEI prays for judgment dismissing the FAC with prejudice, for costs of suit, and for such other and further relief as the Court deems just and proper.

Dated: August 14, 2023                     Respectfully submitted,


By:_____ */s/ Anjani Mandavia*_____.
Anjani Mandavia (State Bar No. 94092)
David L. Burg (State Bar No. 130403)
*Attorneys for Defendant Warner Bros. Entertainment Inc.*

## DEMAND FOR JURY TRIAL

WBEI hereby demands a trial by jury on the claims asserted herein.


Dated: August 14, 2023                    Respectfully submitted,


By:    ___/s/ Anjani Mandavia___.
Anjani Mandavia (State Bar No. 94092)
David L. Burg (State Bar No. 130403)
*Attorneys for Defendant Warner Bros.*
*Entertainment Inc*.